ELECTRONICALLY FILED
6/30/2025 10:24 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 25-2-05825-31

1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

9
10

MICHAEL LERNER, an individual,

Plaintiff,

v.

CHARTER INDEMNITY COMPANY, a
foreign insurance company doing business
in the State of Washington,

Defendant.

Case No. 25-2-05825-31

**PLAINTIFF'S FIRST AMENDED
COMPLAINT**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff Michael Lerner, individually and through his counsel of record, alleges as follows:

## I. PARTIES

1.1    At all times relevant to Plaintiff's Complaint, Plaintiff Michael Lerner resided in Vancouver, Clark County, Washington.

1.2    At all times relevant to Plaintiff's Complaint, Charter Indemnity Company (herein referred to as "Charter") was a foreign insurance company doing business in the State of Washington. Upon information and belief, Charter is a subsidiary of Kemper Corporation.

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

## II. JURISDICTION & VENUE

2.1    The motor-vehicle collision giving rise to Plaintiff's Complaint (Collision) occurred in Bothell, Snohomish County, Washington.

2.2    The Collision occurred in Bothell, Snohomish County, Washington.

2.3    This Court has jurisdiction over the parties under RCW 2.08.010.

2.4    Venue is proper under RCW 4.12.020 because the Collision occurred in Snohomish County, Washington.

## III. FACTS

3.1    The Collision occurred on Interstate 405, in Bothell, Washington.

3.2    Plaintiff was the restrained driver of a 2002 Chevrolet S Truck.

3.3    Non-party Richard Dejong was the driver of a 2007 Nissan Frontier.

3.4    Plaintiff was traveling southbound on Interstate 405 near milepost 26 in Bothell, Washington, and had come to a near stop due to traffic congestion. Without warning, Plaintiff's vehicle was violently rear-ended by a 2007 Nissan Frontier driven by non-party Richard DeJong.

3.5    Plaintiff could do nothing to avoid the Collision.

3.6    Richard Dejong's failure to avoid a collision was the sole proximate cause of the Collision.

3.7    Plaintiff brought a claim for his injuries with Dejong's insurer. Plaintiff settled his claim against Dejong for the bodily injury policy limits of Dejong's Commerce West Insurance policy. Dejong's bodily injury per person limit through Commerce West was $250,000.00.

3.8    Plaintiff's Kemper Insurance Company policy (#B067308WA19) in effect at the time of the Collision was underwritten by Defendant Charter.

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

3.9     Plaintiff's Charter Insurance policy (Policy) provided underinsured motorist bodily injury benefits of $1,000,000.00 per accident.

3.10     The Policy provides that Defendant Charter "will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an 'underinsured motor vehicle'" because of: […] 'Bodily injury' sustained by an 'insured' and caused by the 'accident'.

3.11     There is no dispute that Plaintiff qualifies as an insured under the Policy for purposes of his UIM claim or that the at-fault was underinsured given the injuries suffered and damages sustained by Plaintiff.

3.12     On August 18, 2023, Plaintiff submitted their demand for underinsured motorist benefits.

3.13     On September 21, 2023, a representative of Charter requested an extension to September 29, 2023.

3.14     On April 11, 2024, a representative of Charter sent a letter that indicated Charter felt Plaintiff was fully compensated by the underlying tort's $250,000 offer, however, would extend a $25,000 offer to resolve Plaintiff's UIM claim.

3.15     On or about February 12, 2025, Plaintiff then renewed their underinsured/uninsured motorist (UIM) demand with Charter.

3.16     Plaintiff received correspondence from Charter, through its assigned claims adjuster, Melinda Jones, offering $25,000 to resolve the underinsured motorist (UIM) claim. The offer was via mail and was dated February 14, 2025. This mail was received by Plaintiff on February 25, 2025. Charter provided no explanation, documentation, or rationale for how it arrived at the $25,000 figure. Moreover, Charter failed to offer any reasoning as to why Plaintiff's claim for the full $1 million UIM policy limit was denied, despite having been presented with a comprehensive demand package substantiating total losses of $1,367,946.27. Plaintiff, through counsel, made repeated efforts to seek

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

clarification and engage in meaningful negotiations; however, Charter consistently reiterated its $25,000 offer without justification or revision.

3.17    On February 25, 2025, Plaintiff, through counsel, sent a list of reasonable questions to Defendant Charter via email, addressed to its assigned claims adjuster, Melinda Jones. The questions specifically requested a breakdown and explanation of the basis for Charter's $25,000 settlement offer. Prior to the filing of the IFCA notice, Defendant Charter failed to respond or provide any clarification regarding the offer.

3.18    On March 10, 2025, Plaintiff, through counsel, sent a follow-up email to the assigned claims adjuster, Melinda Jones, again requesting a detailed breakdown of the $25,000 settlement offer initially presented on February 25, 2025. In the same correspondence, counsel also requested a certified copy of the applicable insurance policy and explicitly asked for a response by March 18, 2025. As of the date of the filing of the IFCA notice, Defendant Charter had failed to respond to either the original request for information sent on February 25 or the follow-up inquiry sent on March 10.

3.19    Due to Defendant's continued inaction and failure to respond to multiple reasonable requests for information, Plaintiff was left with no choice but to file a notice under the Insurance Fair Conduct Act (IFCA) under RCW 48.30.015(8)(a) on April 22, 2025. The notice was sent via certified mail to the Office of the Insurance Commissioner and addressed Defendant Charter's failure to provide a breakdown of its settlement offer and its ongoing lack of communication and responsiveness. Plaintiff's Counsel sent the IFCA Notice to Charter on the same date via certified mail.

3.20    On or about May 15, 2025, Charter reassigned the case to a new adjuster. The new adjuster asked Plaintiff's counsel telephonically for details in order to quickly review the IFCA Notice presented to Charter.

3.21    On May 15, 2025—twenty-three (23) days after the filing of the IFCA notice—Defendant Charter faxed its response, which was received by Plaintiff on that same

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

1    afternoon. Despite information provided to the new adjuster, the response merely reiterated

2    the prior $25,000 settlement offer without providing any explanation or breakdown of how

3    the figure was determined. It also included a general request for any updated treatment

4    records not previously submitted since 2021 for further review. The response failed to

5    meaningfully address the concerns raised in the IFCA notice, including the lack of

6    transparency surrounding the offer and the continued failure to produce a certified copy of

7    the applicable insurance policy.

8        3.22    On May 16, 2025, Plaintiff's counsel had a telephone conversation with Joy

9    Hull, the newly assigned claims adjuster from Charter, regarding the pending UIM claim.

10   During the call, Ms. Hull stated that she was neither accepting nor rejecting the demand at

11   that time, but instead wanted to "get more insight into the case." Plaintiff's counsel

12   explained in detail the severity and impact of Plaintiff's injuries. Plaintiff, a young

13   professional with a promising career in the biomedical industry, sustained a concussion

14   resulting in behavioral changes, ongoing back and neck pain, and thoracic outlet

15   syndrome—conditions that, according to his medical providers, will likely require surgery.

16   Surgery was initially deferred due to his age, but he continues to suffer chronic pain. His

17   injuries have affected his personal and professional life: he is now a father, has attempted

18   to launch several business ventures, but is unable to fully pursue them due to physical

19   limitations. He can no longer afford consistent medical care, L&I has discontinued his

20   benefits, and a significant medical lien remains outstanding. Ms. Hull, based in Alabama,

21   appeared unfamiliar with Washington's Insurance Fair Conduct Act (IFCA). Plaintiff's

22   counsel took the time to explain the law and its implications for insurer obligations in

23   Washington, stressing that sufficient documentation had already been provided to justify

24   the full policy limits and support the demand. Throughout the conversation, Ms. Hull

25   repeatedly asked to speak "off the record," a request Plaintiff's counsel refused in the

26   interest of maintaining professional transparency. Ms. Hull concluded the call by stating

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

she would attempt to provide a response "by tomorrow," though she added, "there are so many things going on with this one," suggesting internal complications or delays within the claims handling process.

3.23    Nevertheless, Defendant refused to pay Plaintiff the UIM benefits he is entitled to under the Policy. The amount of benefits (cash payment) offered by Defendant on Plaintiff's UIM claim was so low that it amounted to a denial of benefits in violation of Washington law, and, as such, Defendant and Plaintiff reached an impasse in their negotiations to settle Plaintiff's UIM claim.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

4.1    Plaintiff incorporates all allegations set forth above as though fully stated herein.

4.2    Defendant breached their duties to Plaintiff under the Policy by denying him UIM benefits that he was entitled to under the Policy. Defendant's new money offer to Plaintiff on his UIM claim was so low that it amounted to a denial of benefits and forced Plaintiff to initiate suit to obtain the UIM benefits to which he is entitled.

4.3    Defendant also breached their duties to Plaintiff by failing to provide a clear explanation of their evaluation of Plaintiff's damages arising from the Collision or any evidence contrary to the findings of Plaintiff's medical providers as expressed in his medical records.

4.4    By failing to pay Plaintiff the UIM benefits he was entitled to under the Policy or provide a clear explanation of its evaluation of Plaintiff's damages arising from the Collision, Defendant breached their contractual duties to Plaintiff under the Policy and their statutory duties under Washington law.

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

4.5    As a result of Defendant's breach of their duties, Plaintiff has been deprived of critical UIM benefits that he is entitled to receive under the Policy and has been forced to file suit to obtain those benefits.

4.6    Plaintiff's damages include, among other things, the amount of damages wrongly withheld from him by Defendant and the costs incurred by him as a result of having to file suit to obtain those benefits.

## SECOND CAUSE OF ACTION: BREACH OF COMMON LAW GOOD FAITH DUTY

5.1    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

5.2    Plaintiff Lerner, through counsel, made good faith efforts to negotiate a resolution of the underinsured motorist (UIM) claim prior to initiating this action. Despite these efforts, and despite knowing Plaintiff has a substantial Washington Department of Labor and Industry lien regarding this case, Defendant extended a unilateral settlement offer of $25,000, without providing any justification, documentation, or explanation as to how this valuation was determined. Plaintiff repeatedly requested a basis for the offer and attempted to engage in meaningful dialogue to reach a fair resolution. However, Defendant Charter consistently reiterated the same $25,000 offer—again without any supporting basis—refusing to engage in substantive negotiation. As a result of Defendant's failure to negotiate in good faith, Plaintiff was left with no alternative but to pursue litigation and has been forced to incur all related expenses, including the court filing fee and costs for service of process.

## THIRD CAUSE OF ACTION: BREACH OF DUTIES UNDER THE INSURANCE FAIR CONDUCT ACT

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

6.1    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

6.2    Defendant Charter's actions are in violation of RCW 48.30.010 in its duty of good faith and fair dealing requiring that all actions be actuated by good faith, to abstain from deception, and practice honesty and equity in all matters related to the business of insurance. Defendant Charter unreasonably denied payment of $1,000,000 in UIM benefits in violation of Insurance Fair Conduct Act. As a result of its misconduct, Plaintiff is entitled to recover his actual damages sustained, together with the costs of the action, including reasonable attorney's fees and litigation costs.

**FOURTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY**

7.1    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

7.2    Defendant Charter's actions are in violation of the Unfair Settlement Practices Act set forth in WAC 284-30 *et. seq.,* including requiring prompt, fair, and equitable settlements, as well as in violation of other statutory laws or regulations including as express duty not to compel its own insured to litigate against it to obtain payment of $1,000,000 in UIM limits.

**FIFTH CAUSE OF ACTION: BREACH OF CONSUMER PROTECTION ACT**

8.1    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

8.2    Defendant Charter's actions are in violation of the Consumer Protection Act, RCW 19.86., *et. seq.*

**SIXTH CAUSE OF ACTION: NEGLIGENCE**

9.1    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

9.2    Defendant Charter's actions were negligent and in violation of its duty to

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

1    exercise reasonable care toward its first party insured, Plaintiff Michael Lerner.

2

3                              **V. RESERVATION OF RIGHTS**

4           Plaintiff reserves the right to assert additional claims as additional information is

5    obtained through discovery.

6

7                               **VI. PRAYER FOR RELIEF**

8           Plaintiff prays that judgment be entered against Defendant:

9           (a)      For UIM policy limits benefits under Plaintiff's policy with Charter;

10          (b)      For treble damages against Defendant Charter for bad faith and violation of

11   the Insurance Fair Conduct Act and the other relief as set forth in the complaint;

12          (c)      For all special damages related to physical, mental, and emotional upset and

13   disturbance resulting from Collision;

14          (d)      For all general damages related to physical, mental, and emotional upset

15   and disturbance resulting from Collision;

16          (e)      For exemplary damages;

17          (f)      For reasonable hourly attorney fees, costs of experts, and costs of suit;

18          (g)      For such other and further relief this Court deems just and equitable.

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

PLAINTIFF'S FIRST AMENDED COMPLAINT
PAGE 13 OF 10

**BRUMLEY LAW FIRM, PLLC.**
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

Dated this 30th day of June, 2025.

**BRUMLEY LAW FIRM, PLLC**

*s/ Adrian Byrne*
Joshua Brumley, WSBA #49851
Adrian Byrne, WSBA #63081
1303 Central Ave. S., Ste. 201
Kent, WA 98032
P: 253-236-4079 / F: 253-236-5590
Joshua@BrumleyLawFirm.com
Adrian@BrumleyLawFirm.com
*Attorneys for Plaintiff Michael Lerner*